**Donald R. LEMBO**

v.

**Carolyn A. LEMBO.**

**No. 98–121–Appeal.**

Supreme Court of Rhode Island.

May 6, 1999.

Donald R. Lembo;  James A. Ruggiero, Providence, for Plaintiff.

Arthur M. Reed, II;  Mark P. Welch, Pawtucket, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before us on the appeal of Donald R. Lembo from a judgment of the Family Court which held him in criminal contempt and sentenced him to six months at the Adult Correctional Institutions. This case was assigned for oral argument by a single justice of this Court who ordered the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the extensive memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

Although this case is captioned as a civil case between the parties to a series of proceedings in the Family Court which arose from an action for divorce, it has really been converted to a criminal proceeding by the adjudication of contempt.

The facts of the case insofar as pertinent to this appeal are as follows.

The parties were married on October 10, 1981, and separated on March 4, 1991. One child was born of the marriage. Many of the facts relating to the divorce are set forth in *Lembo v. Lembo,* 677 A.2d 414 (R.I.1996), wherein we reviewed a decision pending entry of final judgment of divorce.

Following the entry of the judgment of divorce, the Family Court issued a number of orders relating to disposition of marital assets including the sale of the marital domicile. Donald Lembo engaged in a practice of appealing each and every order entered by a justice of the Family Court. He relied upon the automatic stay provision contained in Rule 62(d) of the Family Court Rules of Procedure for Domestic Relations to avoid complying with any of the numerous orders. The trial justice referred to this practice as an abuse of the appellate process. Ultimately, the trial justice entered an order requiring Donald Lembo to pay to his former wife (Carolyn) the sum of $39,359.75 as a sanction for his conduct in impeding the implementation of numerous Family Court orders and further ordered him to comply with all orders, judgments, and decisions which were not the subject of an appeal within forty-five days. This order further required the plaintiff to appear in order to report on his compliance with the prior orders of the court and to show cause why he should not be incarcerated. Donald filed a notice of appeal from this order which was entered July 3, 1997. A hearing to show cause why Donald Lembo should not be incarcerated was scheduled for August 12, 1997.

Donald did not appear. The trial justice declared him to be in willful contempt for nonappearance and continued the case to the following day for imposition of sentence and to give Donald an opportunity to explain his absence. On August 13, 1997, Donald did not appear, but was represented by counsel. The trial justice stated for the record that the court clerk had telephoned Donald and advised him to appear. Counsel for Donald argued that Donald believed he was not required to appear because of the automatic stay incident to his appeal of the July 3 order. The trial justice determined that the automatic stay did not apply to that portion of the July 3 order requiring that Donald appear for the hearing. The trial justice went on to observe that Donald's failure to appear was a deliberate attempt to impede and thwart the court's orders. He then imposed a sentence of six-months imprisonment at the Adult Correctional Institutions upon Donald. Thereafter, Donald filed a notice of appeal from both the August 12 order and the August 13 order. By various proceedings following these appeals, this Court lifted the automatic stay on numerous appeals filed by Donald, but maintained the stay in respect to this contempt adjudication.

At the outset, we state unequivocally that Donald's reliance on the automatic stay to avoid appearing before the trial justice to show cause why he should not be adjudged in contempt was misplaced. An appeal from a substantive order does not stay a hearing scheduled by a trial justice of the Family Court or any other trial court. However, when the trial justice converted the proceedings from civil contempt to criminal contempt, he was required to observe certain basic elements of due process which this Court outlined in *Peltier v. Peltier,* 120 R.I. 447, 388 A.2d 22 (1978). In that case, an attorney was adjudged to be in criminal contempt for having arrived in court at a time later than the time scheduled by the trial justice. This Court determined that "an attorney who inexcusably fails to attend court at an appointed time may be punished for contempt." *Id.* at 448, 388 A.2d at 23. The Court went on, however, to hold that such a contempt is an indirect contempt which would require that certain procedural safeguards be accorded to the contemnor. This Court cited *In re Oliver,* 333 U.S. 257,

68 S.Ct. 499, 92 L.Ed. 682 (1948), which set forth the safeguards as follows:

> "that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." *Peltier,* 120 R.I. at 450, 388 A.2d at 24 (quoting *In re Oliver,* 333 U.S. at 275, 68 S.Ct. at 508–09, 92 L.Ed. at 695).

■ Although these safeguards may be waived if the attorney voluntarily appears for the purpose of explaining his tardiness (or absence) and is given every opportunity to defend, we held that the attorney in *Peltier* did not waive the rights to be accorded to one accused of indirect contempt. In the instant case, the appearance of Donald's counsel did not constitute a waiver of these procedural safeguards.

This Court in *Peltier* suggested that the justice of the Family Court should schedule a hearing that should be initiated by a notice of charges, which in form and content should comply as closely as circumstances permit to the notice requirements prescribed for criminal contempts by Rule 42(b) of the Superior Court Rules of Criminal Procedure. *Peltier,* 120 R.I. at 450–51, 388 A.2d at 24. We recognize that the Family Court does not have a rule corresponding to Rule 42(b). However, this rule is declaratory of the due process requirements to be observed prior to adjudication of criminal contempt and would be applicable in this instance.

We are of the opinion that our holding in *Peltier* is controlling in our disposition of this case. Consequently we sustain Donald's appeal, vacate the judgment of criminal contempt, and remand the case to the Family Court for further proceedings as outlined in our opinion in *Peltier,* including compliance with the procedures set forth in Rule 42(b) of the Rules of Criminal Procedure of the Superior Court. As in *Peltier,* we do not require that this case be heard by a different justice of the Family Court. Further proceedings may be conducted by the trial justice in his discretion.